IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DERRICK A. EDWARDS,** | ) | Civil Action No. 7:21-cv-00047 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **K. KING, et al.,** | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Pending before the court is a motion from pro se plaintiff Derrick A. Edwards seeking leave to file a supplemental complaint. ECF No. 15. His proposed supplemental complaint seeks to add a retaliation claim against defendant J. Murray. The defendants in this matter have not yet responded to the complaint, and thus Edwards is permitted to amend his complaint without leave of court, pursuant to Federal Rule of Civil Procedure 15(a). Thus, to the extent Edwards's motion seeks leave to amend to add a new claim, it is GRANTED.

Nonetheless, his supplemental claim is subject to screening by the court pursuant to two provisions: (1) 28 U.S.C. § 1915(e)(2), which requires dismissal of any in forma pauperis suit "at any time" if the court determines that it fails to state a claim on which relief may be granted; and (2) 28 U.S.C. § 1915A(a)–(b), which requires dismissal of claims that are frivolous or fail to state a claim upon which relief can be granted, in cases where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

Reviewing Edwards's retaliation claim, the court concludes that it fails to state a claim upon which relief can be granted and thus is subject to dismissal.

## I. BACKGROUND

In his retaliation claim, Edwards contends that on February 19, 2021, Murray conducted a search of his cell and confiscated a three-page document titled "Declaration of Jordan Peck." ECF No. 15-1 at 2. Edwards had intended to use that declaration in support of this case, but it was confiscated because it contained another prisoner's name and identification number. Murray said to Edwards: "When you file paperwork against King, you're filing it against me and this is the consequence[] and this is your last warning."

Edwards alleges that he grieved the confiscation, but apparently the grievance was upheld on the grounds that prison policies do not allow a plaintiff to possess documents with another prisoner's name and prison identification number. Edwards asserts a First Amendment retaliation claim based on Murray's conduct.[1]

## II. DISCUSSION

To succeed on his First Amendment retaliation claim, Edwards must establish that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) ("Martin II") (citing Martin v. Duffy, 858 F.3d 239, 249) (4th Cir. 2017)). Moreover, the court must treat an inmate's claim of retaliation by prison officials "with skepticism." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).

---

[1] Edwards also has filed a motion for preliminary injunction, ECF No. 7, in which he asks the court to order the return of the seized declaration or allow him to seek another declaration from the same inmate. ECF No. 7. Defendants have been ordered to respond to that motion, but their response is not yet due. Nothing in this opinion is to be construed as offering any opinion on the motion for preliminary injunction. The court notes, though, that its holding herein that the confiscation of the document does not state a constitutional violation does not mean that its seizure was proper or that Edwards is not entitled to use such declarations in this litigation.

Edwards's retaliation claim plausibly alleges facts to support the first and third elements of a retaliation claim, but not the second. He satisfies the first element by alleging that he engaged in First Amendment activity, i.e., the filing of this lawsuit. And Murray's purported statement that the confiscation was a "consequence" of Edwards's filing a lawsuit against King plausibly alleges a causal link as required by the third element.

But the confiscation of an affidavit, without more, does not constitute a sufficiently adverse action so as to satisfy the second element, which requires an action by defendant that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights," Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005). Other courts have held that similar types of actions against prisoners were not sufficiently adverse actions to support a retaliation claim. E.g., Meeks v. Schofield, 625 F. App'x 697, 701–02 (6th Cir. 2015) (several searches of inmate's work station and a one-time ejection from the law library); Pope v. Bernard, No. 10-1443, 2011 WL 478055 (1st Cir. 2011) (search of cell and seizure of prisoner's Kufi); Zaire v. Coryer, 204 F. App'x 948, 948 (2d Cir. 2006) (confiscation of towel); see also Mohammad v. Beaver, No. 5:18-CV-00165-MR, 2021 WL 1147169, at *10 (W.D.N.C. Mar. 25, 2021) (citing to Meeks, Pope, and Zaire and holding that defendants' "scatter[ing] his belongings, confiscating religious headgear, ink pens and other property, and failing to return some of the property) was not sufficiently adverse action to support a First Amendment retaliation claim). Nor has the alleged retaliation chilled Edwards from pursuing this lawsuit, as he continues to prosecute it. See Constantine, 411 F.3d at 500 (holding that the plaintiff's actual response to retaliatory conduct provides some evidence of whether the conduct in question tends to chill First

3

Amendment activity). For these reasons, his retaliation claim fails to state a claim for which relief can be granted and must be dismissed.

Although Edwards does not purport to bring a claim for interference with courts, the court notes that he has not plausibly alleged sufficient facts to support this type of claim, either. See Lewis v. Casey, 518 U.S. 343, 351–53 (1996) (discussing the right generally). The right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Christopher v. Harbury, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. Lewis, 518 U.S. at 351. Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. Christopher, 536 U.S. at 415–16 (quoting Casey, 518 U.S. at 353). Put differently, the cause of action in the underlying action, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id. at 415.

Edwards states that he intended to use the seized declaration in this lawsuit, but none of the original claims in his lawsuit have been dismissed or otherwise lost. Similarly, his supplemental complaint does not allege what the declaration stated or how it would have supported any particular claim. Accordingly, assuming that his complaint states nonfrivolous legal claims, he has not alleged—and cannot show—that the seizure of the

4

declaration caused him to lose any of them. Thus, he has not adequately stated a claim that he was denied access to the courts, either.

### III. CONCLUSION

For the foregoing reasons, Edwards's motion to amend, ECF No. 15, is GRANTED, and he is permitted to amend his complaint to add the retaliation claim. That claim, however, is summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

An appropriate order will be entered.

Entered: April 12, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.12 17:24:55
-04'00'

Michael F. Urbanski
Chief United States District Judge